**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                              Case No. 26-20279

                              Hon. Stephen J. Murphy, III
                              Hon. Anthony P. Patti, USMJ

*v.*

MAKEDA CHARLES,

       *Defendant.*

_____/

**ORDER FOR EXAMINATION TO DETERMINE**
**MENTAL COMPETENCY OF DEFENDANT, REQURING TRANSPORT**
**BY THE U.S. MARSHALS SERVICE (USMS), AND APPOINTING THE**
**FEDERAL COMMUNITY DEFENDER AS COUNSEL**

This defendant appeared before the Court on an indictment out of this District (ECF No. 1) on June 12, 2026, for an initial appearance and potential arraignment on a removal to this Court from the Western District of New York (the arresting district) before the Undersigned. The indictment charges Defendant with influencing a public official by threat, two counts of cyberstalking, and interstate communications involving threats. (*Id*.) By way of background, the affidavit filed in support of the complaint that preceded the current indictment recounted that in October 2021, Defendant "had posted on social media various threats" and "claimed that no one should go near her because she will blow herself up

1

(presumably with an explosive device) and kill others along with herself. As a result, CHARLES was hospitalized and received approximately 12-18 months of mental health treatment." (Case No. 26-30232, ECF No. 1, PageID.24, ¶ 7 therein.) The alleged threats against an FBI special agent, a federal judge, a federal prosecutor and ultimately a fourth victim that resulted in the instant criminal case began "[a]fter being released from treatment …." (*Id.*, ¶ 8.)  Defendant is also alleged to have shown up at the Kingdom of God Global Church (KOGGC), telling police "that she was a part of the church staff and refused to leave." (*Id.*, PageID.30, ¶ 18.)  A member of the KOGGC's leadership "advised that CHARLES had been sending parishioners threatening messages." (*Id.*)  The leadership member also "told police that he had not seen CHARLES before, does not know how she got to the church, or where she lives." (*Id.*)  The initial charging document contains multiple references to bombs/explosive devices by Defendant and a photo of her wearing a mask and holding a rifle. (*Id.*, *passim*; *see also* PageID.26.)

Just prior to the June 12, 2026 hearing, the U.S. Marshals Service (USMS) reported to the Court that Defendant had written (about a defendant in another case involving KOGGC and pending before this Court)[1] "David Taylor is God, Cease + Desist" with her own feces.  USMS reports regarding this incident are attached to

---

[1] *See* Case No. 25-cr-20560.

this order as Exhibits 1 and 2.  One of these written reports further states that Defendant "went on a political tirade telling all of the USMS personnel as well as our transport team (Sanilac County) that the government is corrupt and that we will all swim in a lake of fire. I was not able to understand much of what she said, as … her verbiage was a bit unintelligible. " (Exhibit 1 (spelling corrected).)

At her court appearance, Defendant refused appointment of counsel and insisted upon representing herself; however, because Defendant's disruptive behavior and apparent mental illness made it impossible to complete either the initial appearance or an attempted *Faretta* hearing, the Court appointed the Federal Community Defender's Office to represent her, at least until a competency examination and hearing can occur and, if necessary, competency can be restored. An extensive, albeit disjointed, record was made at that time, in which Defendant repeatedly shouted, ranted, cursed at and interrupted the Court, referred to the Undersigned at the outset as the "despicable Judge Patti" and appeared to threaten or suggest harm to the judicial officer. (ECF No. 4.)

The Court accordingly has "reasonable cause to believe that Defendant may be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense[,]" *see* 18 U.S.C. §§ 4241(a)(b), 4247(c), <u>as explained further on the record (to the extent the Court was</u>

3

able to get a word in edgewise) and incorporated by this reference as though fully restated herein.  Accordingly, on its own motion, the Court **DIRECTS** that inquiry should be made into the mental condition of the Defendant pursuant to 18 U.S.C. § 4241 and 4242.

Therefore, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ordered:

(1) that a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of Defendant, *see id.* §§ 4241(a) and (b), 4247(b);

(2) that Defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination at a suitable facility for a period not to exceed 30 days, as close to the courthouse/this District as can be accomplished. The director of the facility where Defendant is located may apply for a reasonable extension not to exceed 15 days, *see id.* § 4247(b);

(3) **that the U.S. Marshals Service transport Defendant to and from the facility**;

(4) that the examining psychiatrist or psychologist prepare, as soon as practical, produce a written report to **Chief Judge Stephen J. Murphy, III** that includes (1) Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5) that the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the

4

government, *see id.* § 4247(c). The report may be used by any party for any purpose, including a competency hearing, detention hearing, trial or sentencing;

(6) the examining psychiatrist or psychologist produce to defense counsel and the Assistant U.S. Attorney copies of all records and documents that were reviewed, created or relied upon in forming the basis of the opinion regarding the defendant's mental condition; and

(7) that the period beginning with the government's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), to be set before **Chief Judge Stephen J. Murphy, III**, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

**After the Bureau of Prisons designates the facility for Defendant's evaluation**, **IT IS FURTHER ORDERED** that the United States Marshal forthwith, *i.e.*, **within ten (10) days,[2] transport the Defendant for said examination** and return her after said examination is completed.

It is **FURTHER ORDERED**, in compliance with *United States v. Ross*, 703 F.3d 856, 871-872 (6th Cir. 2011), that the Federal Community Defender's Office is **APPOINTED** to represent Defendant for purposes of her competency exam and until such time as Defendant may be found competent to stand trial and the Court is satisfied that she is able to represent herself, if she then still so wishes.

---

[2] 18 U.S.C. § 3161(h)(1)(F).

Date: June 18, 2026

_____
Anthony P. Patti
United States Magistrate Judge