UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAKEDA CHARLES,

Defendant.
_______________________________/

Case No. 2:26-cr-20279

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER FINDING DEFENDANT NOT COMPETENT TO STAND TRIAL AND COMMITTING DEFENDANT FOR TREATMENT**

On May 13, 2026, the Government indicted Defendant Makeda Charles on one count of influencing a federal official by threat under 18 U.S.C. § 115(a)(1)(B), two counts of cyberstalking under 18 U.S.C. § 2261A(2), and one count of interstate communications involving threats under 18 U.S.C. § 875(c). ECF No. 1. Because of Charles's behavior and outbursts before and during her initial appearance on June 12, 2026, Magistrate Judge Patti ordered a psychological evaluation and a competency hearing under 18 U.S.C. §§ 4241(a)–(c). ECF No. 6, PageID.14–15.

A psychological evaluation was conducted by Samuel L. Browning, Ph.D., a licensed clinical and forensic psychologist, and a written report ("Report") was submitted to the Court on July 28, 2026. In Dr. Browning's opinion, Charles meets the "criteria for unspecified schizophrenia spectrum and other psychotic disorder." Report at 5. Further, Dr. Browning observed that throughout his evaluation of Charles, she "expressed numerous delusional beliefs that impair her ability to

understand her case and these proceedings" and that "[h]er decision-making appears to be heavily influenced by delusional thinking." *Id.* at 5. Dr. Browning believed that Charles "was acutely symptomatic and was unable to demonstrate a factual or rational understanding of her charges, the proceedings, or the potential consequences." *Id.* Thus, Dr. Browning concluded that Charles "does not understand the nature and consequences of the proceedings against her due to an acute mental illness." *Id.* Last, Dr. Browning found that Charles "is unable to properly assist counsel in her defense" due to her acute psychotic symptoms, her delusions, and her behavior, which is "disorganized and incompatible with effective consultation with an attorney or maintaining appropriate courtroom decorum." *Id.* at 6.

On September 3, 2026, the Court held a hearing to determine the competency of Charles to stand trial pursuant to 18 U.S.C. §§ 4241, 4247. At the hearing, the parties stipulated to Dr. Browning's findings. Dr. Browning testified that the conclusions in his report were still accurate. Though the Court afforded Charles the opportunity to appear and present evidence, Charles refused to appear at the hearing. Instead, she chose to make a mostly incoherent statement through a correctional officer. The correctional officer also noted her multiple efforts to attempt to have Charles appear at the hearing. Accordingly, the Court found, by a preponderance of the evidence, that Charles is suffering from a mental disease or defect rendering her incompetent to stand trial at this time pursuant to 18 U.S.C. § 4241(d).

**WHEREFORE**, it is hereby **ORDERED** that Defendant is **FOUND** incompetent to stand trial pursuant to 18 U.S.C. § 4241(d).

**IT IS FURTHER ORDERED** that Defendant is **COMMITTED** to the custody of the Attorney General for a reasonable period, not to exceed ninety days, for treatment in a suitable facility to (a) determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward, and (b) provide treatment to restore competency, if possible.

**IT IS FURTHER ORDERED** that, pursuant to the Speedy Trial Act, the time period from the filing of this Order up to and including the date on which a final decision is made regarding Defendant's competency to proceed to trial is excludable delay under 18 U.S.C. §§ 3161(h)(1)(A), (F), (H).

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 8, 2026